Case No: 1:20-cv-00260-DCN Inmate Name: MICHAEL EAST
Date: 11/23/20 Inmate IDOC#: 71710
Document Title: SECOND AMENDED COMPLAINT
Total Pages: 14 Inmate Initials Verifying Page Count: ME
Document(s) ____ of ____

MICHAEL J. EAST #71710
IDAHO STATE CORRECTIONAL INSTITUTION
P.O. BOX 14
BOISE, IDAHO 83707

UNITED STATES DISTRICT COURT :FOR THE

DISTRICT OF IDAHO - CIVIL DIVISION

MICHAEL J. EAST
PLAINTIFF

VS.
DEFENDANT'S
NEZ PERCE COUNTY SHERIFF'S DEPT.
SHERIFF JOE RODRIGUEZ
SHERRY STOUTIN / IVY MEDICAL
PROVIDER - ANITA RINGERING
R.N. - DARAH GROGAN
IDAHO DEPT. OF CORRECTIONS
WARDEN - ALBERTO RAMIREZ
IDAHO ATTORNEY GENERAL -
LAWRENCE WASDEN
CORIZON MEDICAL
P.A. N.P. - WILL ROGERS
RONA SIEGERT - MEDICAL DIRECTOR
JONI LEMONS - ISCI MEDICAL MONITOR
GEN BREWER - R.N. D.O.N. -

CASE NO. 1:20-cv-00260-DCN

SECOND AMENDED COMPLAINT
EVIDENTIARY REQUEST
DEMAND TWELVE PERSON JURY

- DEFENDANTS

TAWNYA McMILLAN - R.N. H.S.A. )

)

)

)

COMES NOW, MICHAEL J. EAST, PROSE, & INFORMALLY

I

PARTIES

A. PLAINTIFF

1.) PLAINTIFF IS MICHAEL J. EAST #71710 WHO IS PRESENTLY INCARCERATED AT IDAHO STATE CORRECTIONAL INSTITUTION, MEDICAL ANNEX 20-A-36-A, P.O. BOX 14 BOISE, ID. 83707

2.) THE PLAINTIFF WAS CONVICTED OF CRIMINAL CONDUCT IN A STATE COURT AND RECIEVED A SENTENCE OF 5 TO 15 YEARS; HOWEVER, THE SENTENCE WAS WITHHELD FOR THE PLACEMENT IN A RETAINED JURISDICTION.

3.) ON FEBRUARY 26, 2020 THE PLAINTIFF RECIEVED A PROBATION VIOLATION AND WAS PLACED INTO THE NEZ PERCE COUNTY ADULT DETENTION, HOWEVER, HE REMAINED UNDER THE CUSTODY OF THE STATE OF IDAHO, DEPT. OF CORRECTIONS PROBATION AND PAROLE, AND ON MARCH 26, 2020 THE 2ND DISTRICT COURT RECENDED THE PROBATION AND TURNED THE CASE AND MATTERS OF THE PLAINTIFF OVER TO THE IDAHO DEPT. OF CORRECTIONS TO SERVE HIS SENTENCE.

4.) FOR ALL DATES AND TIMES THE PLAINTIFF WAS A WARD OF THE STATE OF IDAHO.

THE PLAINTIFF IS (A) "QUALIFIED INDIVIDUAL" WITH A DISABILITY OR (B) OTHERWISE HAS CHRONIC MEDICAL CONDITIONS "REGARDED AS DISABILITIES";

(C), DID REQUEST BENEFITS, SERVICES, PROGRAMS, AND ACTIVITIES (REF., 28 C.F.R. § 35.107, et. seq.); (D), THAT THE REQUESTS WERE BASED UPON NEEDS OF THE PLAINTIFF SOLEY CREATED BY AND THROUGH HIS DISABILITIES; (E) THAT THE NON-COMPLIANCE BY THE DEFENDANTS TO CLEARLY ESTABLISHED CONSTITUTION(AL), STATUTORY), OR EQUITABLE PRINCIPLES, IS A DELIBERATE INDIFFERENCE; AND IGNORING, (ETC), COMPLAINTS IS AN INTENTIONAL VIOLATION (REF. ALSO, 523 U.S. 574, 590-91 (1998); IF THE PLAINTIFF HAS SUFFERED PREJUDICE AS APPARENT DANGER (PRESENT & BACKWARD LOOKING), AND IMMINENT DANGER (ONGOING).

[CASE - ALLEGATION OF A 'CONCRETE CONTRAVERSY']

3.) THE DEFENDANTS ARE LISTED IN THEIR OFFICIAL CAPACITY; AND AS RELEVANT, SUPERIORS AND THEIR SUBORDINATES ARE REGARDED IN THEIR INDIVIDUAL CAPACITY.

—DEFENDANTS—

NO. 1) NEZ PERCE COUNTY SHERIFF'S DEPARTMENT / SHERIFF JOE RODRIGUEZ
EMPLOYEE NO: 2500 / JOB TITLE: NEZ PERCE COUNTY SHERIFF
EMPLOYER: NEZ PERCE COUNTY SHERIFF'S DEPT.
ADDRESS: 1150 WALL ST. LEWISTON, IDAHO 83501

NO. 2) SHERRY STOUTIN
JOB TITLE: DIRECTOR OF IVY MEDICAL
EMPLOYER: IVY MEDICAL / NEZ PERCE COUNTY SHERIFF'S DEPT.
ADDRESS: 237 PRESTON AVE LEWISTON, IDAHO 83501

NO. 3) ANITA RINGERING, P.A.-C

JOB/TITLE: P.A.-C/PROVIDER

EMPLOYER: IVY MEDICAL/NEZ PERCE COUNTY SHERIFF'S DEPT.

ADDRESS: 237 PRESTON AVE. LEWISTON, IDAHO 83501

NO. 4) DARAH GROGAN, R.N.

JOB/TITLE: R.N.

EMPLOYER: IVY MEDICAL/NEZ PERCE COUNTY SHERIFF'S DEPT.

ADDRESS: 237 PRESTON AVE. LEWISTON, IDAHO 83501

NO. 5) IDAHO DEPT. OF CORRECTIONS/WARDEN ALBERTO RAMIREZ

JOB/TITLE: WARDEN - EMPLOYEE NO.

EMPLOYER: IDAHO DEPT. OF CORRECTIONS

ADDRESS: 13500 S. PLEASANT VALLEY RD. KUNA, IDAHO 83634

NO. 6) IDAHO ATTORNEY GENERAL - LAWRENCE WASDEN

JOB/TITLE: ATTORNEY GENERAL

EMPLOYER: STATE OF IDAHO

ADDRESS: 700 W. JEFFERSON ST. STE. C-210 P.O. BOX 83720 BOISE, IDAHO 83720-0010

NO. 7) CORIZON MEDICAL

JOB/TITLE: MEDICAL PROVIDER

EMPLOYER: IDAHO DEPT. OF CORRECTIONS

ADDRESS: UNKNOWN

NO. 8) WILL ROGERS, P.A., N.P.

JOB/TITLE: P.A., N.P./MEDICAL PROVIDER - EMPLOYEE NO.

EMPLOYER: CORIZON MEDICAL/IDAHO DEPT. OF CORRECTIONS (ISCI)

ADDRESS: 13500 S. PLEASANT VALLEY RD. KUNA, IDAHO 83634

NO. 9) SELAH WORLEY, RN., P.A.

JOB/TITLE: R.N., P.A./MEDICAL PROVIDER - EMPLOYEE NO.

EMPLOYER: CORIZON MEDICAL/IDAHO DEPT. OF CORRECTIONS (ISCI)

ADDRESS: 13500 S. PLEASANT VALLEY RD. KUNA, IDAHO 83634

NO 10) TAWNYA MCMILLAN-R.N., H.S.A.

JOB/TITLE: R.N.-H.S.A - EMPLOYEE NO.

EMPLOYER: CORIZON MEDICAL / IDAHO DEPT OF CORRECTIONS (ISCI)

ADDRESS: 13500 S. PLEASANT VALLEY RD. KUNA, IDAHO 83634

NO. 11) RONA SIEGERT, MEDICAL DIRECTOR

JOB/TITLE: MEDICAL DIRECTOR EMPLOYEE NO. 5119

EMPLOYER: ( / IDAHO DEPT. OF CORRECTIONS (ISCI)

ADDRESS: 13500 S. PLEASANT VALLEY RD. KUNA, IDAHO 83634

NO. 12) GEN BREWER-R.N., D.O.N.

JOB/TITLE: R.N., D.O.N.

EMPLOYER: CORIZON MEDICAL / IDAHO DEPT. OF CORRECTIONS (ISCI)

ADDRESS: 13500 S. PLEASANT VALLEY RD. KUNA, IDAHO 83634

NO. 13) JONI LEMONS, R.N., ISCI MONITOR

JOB/TITLE: UNKNOWN EMPLOYEE NO. 1448

EMPLOYER: IDAHO DEPT. OF CORRECTIONS

NO. 14) NEZ PERCE COUNTY

JOB/TITLE:

EMPLOYER: NEZ PERCE COUNTY, IDAHO

ADDRESS:

NO. 15) IDAHO DEPT. OF CORRECTIONS

JOB/TITLE: CORRECTIONAL FACILITIES

EMPLOYER: STATE OF IDAHO

ADDRESS: 1299 N. ORCHARD ST. BOISE, IDAHO 83706

STATE EMPLOYEE'S NO.'S 5, 6, 11 & 13

CORIZON HEALTH SERVICE'S SUB-CONTRACTED EMPLOYEE'S NO.'S 8, 9, 10 & 12

NEZ PERCE COUNTY SUB-CONTRACTED EMPLOYEE'S NO.'S: 1

IVY MEDICAL SUB-CONTRACTED EMPLOYEE'S NO.'S 2, 3 & 4

II

JURISDICTION AND VENUE:

THE PLAINTIFF DOES ALLEGE;

1.) THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C § 1331. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S STATE LAW CLAIMS PURSUANT TO 28 U.S.C § 1367; AND

2.) VENUE IN THIS COURT IS PROPER PURSUANT TO 28 U.S.C § 1391 BECAUSE THE ACTS OR OMISSIONS, (ETC) GIVING RISE TO THESE CLAIMS OCCURED IN THE STATE OF IDAHO AND ALL DEFENDANTS RESIDE IN THE STATE OF IDAHO.

3) THIS COURT HAS AUTHORITY TO GRANT DECLATORY RELIEF PURSUANT TO 28 U.S.C. §2201 AS HE HAS STANDING AND A CONTROVERSY EXISTS REGARDING U.S.C. FOURTEENTH AMENDMANT RIGHTS, PRIVILEGES OR IMMUNITIES, (ET. SEQ.) WHICH THE PLAINTIFF WAS ENTITLED TO WHILE IN CUSTODY, CARE AND MAINTENENCE OF THE STATE OF IDAHO.

4.) PURSUANT TO 28 U.S.C. § 2202, THIS COURT HAS AUTHORITY TO GRANT INJUNCTIVE AND OTHER NECESSARY AND PROPER [REMEDY] AND RELIEF.

5.) THE ABOVE (1-4) CIVIL PROVISIONS ARE DISTINGUISHED IN THE GENERAL RIGHTS, PRIVILEGES AND IMMUNITIES THAT PREVENT DEPREVATIONS UNDER COLOR OF STATE LAW, (BY STATE ACTORS), (UNDER COLOR OF ANY STATUTE), REF.: CIVIL RIGHTS ACT 1871, CO-DEFINED IN 42 U.S.C. § 1983, WITH A CRIMINAL ANALOG @ 18 U.S.C. § 242; 42 U.S.C. § 1985 (C), CIVIL CONSPIRACIES WITH THE CRIMINAL ANALOG @ 18 U.S.C. § 241; AND DISABLED INDIVIDUALS, [BENEFITS] SERVICES, PROGRAMS AND ACTIVITIES, UNDER THE AMERICANS WITH DISABILITIES ACT AND OTHER DISABILITY LAWS, @ 28 U.S.C. § [2000], 2000 H (6); (SEE), 18 U.S.C. § 245; (ET. SEQ).

III

NATURE OF CASE

THE PLAINTIFF FILING THIS ACTION ON BEHALF OF HIMSELF, ALLEGES VIOLATIONS OF HIS CONSTITUTIONAL, STATUTORY AND COMMON LAW RIGHTS, PRIVILEGES AND IMMUNITIES; AND [BENEFITS] SERVICES, PROGRAMS AND ACTIVITIES.

THE PLAINTIFF ALLEGES;

(A.) FAIL TO PROVIDE REASONABLE MEDICAL TREATMENT IN VIOLATION OF CLEARLY ESTABLISHED RIGHTS, (...), UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, THE IDAHO STATE CONSTITUTION, (ET. SEQ.) 5TH, 8TH & 14TH

(B.) FAILED TO PROVIDE REASONABLE PSYCOLOGICAL TREATMENT IN VIOLATION OF THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION; AND THE IDAHO STATE CONSTITUTION, (ET. SEQ) 5TH, 8TH & 14TH

(C.) DENIED THE PLAINTIFF'S RIGHTS, (...), TO BE FREE FROM INHUMANE TREATMENT IN VIOLATION OF UNITED STATES CONSTITUTION, AND THE STATE OF IDAHO CONSTITUTION, (ET. SEQ), 5TH, 8TH & 14TH

(D.) UNREASONABLY RESTRICTED CLEARLY ESTABLISHED RIGHTS UNDER U.S. CONSTITUTION 1ST AMENDMENT; STATE OF IDAHO CONSTITUTION, (ET. SEQ) 1ST, 5TH & 14TH

(E) UNREASONABLY RESTRICTED OR DENIED DISABILITY [BENEFITS], SERVICES, PROGRAMS AND ACTIVITIES IN VIOLATION OF U.S. CONSTITUTION; STATE OF IDAHO CONSTITUTION; (ET. SEQ), AMERICANS WITH DISABILITIES ACT OR OTHER DISABILITY LAW.

IV

CLAIMS

PLAINTIFF ALLEGES;

1.) NEZ PERCE COUNTY SHERIFF JOE RODRIGUEZ HAD A DUTY TO SUPERVISE ALL STAFF UNDER HIS AUTHORITY, INCLUDING ALL CONTRACTED STAFF OF IVY MEDICAL.

ON OR ABOUT FEB. 26TH, 2020 PLAINTIFF WAS BROUGHT TO NEZ PERCE COUNTY JAIL IN THE CUSTODY OF IDAHO DEPT. OF CORRECTIONS, PROBATION & PAROLE. PLAINTIFF HAD A CLEARLY DOCUMENTED HERNIATED L5 VERTIBRAE THAT HIS PROBATION OFFICER, AARON WILDER, HAD BEEN MADE AWARE OF ON PREVIOUS OCCASIONS, WHICH UPON RELINQUISHING PLAINTIFF TO THE CUSTODY OF NEZ PERCE COUNTY SHERIFF'S DEPT. DEPUTIES UNDER DIRECT SUPERVISION OF SHERIFF JOE RODRIGUEZ WERE INFORMED OF THE INJURY. THEIR WAS A FAILURE TO SUPERVISE THAT WAS SUFFICIENTLY INADEQUATE WHICH AMOUNTS TO DELIBERATE INDIFFERENCE

THAT SUPPORTS PLAINTIFF'S 1983 CLAIM. SHERIFF RODRIGUEZ HAD KNOWLEDGE OR SHOULD HAVE HAD KNOWLEDGE OF THE UNCONSTITUTIONAL CONDITIONS, YET FAILED TO ACT TO REMEDY THOSE CONDITIONS AND ACQUIESED IN THE UNCONSTITUTIONAL CONDUCT OF HIS SUBORDINATES, SUCH THAT A CASUAL CONNECTION BETWEEN THE SUPERVISOR AND THE CONSTITUTIONAL VIOLATION IS PLAUSIBLE. SEE STARR, 652 F. 3d @ 1208.

2.) RONA SIEGERT - DIRECTOR - CORIZON MEDICAL FOR IDOC

RONA SIEGERT IS THE SUPERIOR MEDICAL PROVIDER FOR THE IDAHO DEPT. OF CORRECTIONS, AND ASSUMES THE DUTY AND OBLIGATIONS OF ENSURING SHERIFF JOE RODRIGUEZ OF NEZ PERCE COUNTY PROVIDE ME REASONABLE MEDICAL CARE AS A WARD OF THE STATE VIA A CONTRACT. ON OR ABOUT FEB 26, 2020, PLAINTIFF, BY ARREST ON A PROBATION VIOLATION, AND IT IS ALLEGED; RONA SIEGERT DID NOT ENSURE THE WARD OF THE STATE WAS PROVIDED REASONABLE MEDICAL CARE FOR HERNIATED L5, TO INCLUDE CONDITION OF REASONABLE HOUSING. ON OR ABOUT MAR 19, 2020 PLAINTIFF CONTACTED RONA SIEGERT VIA NEZ PERCE COUNTY MEDICAL STAFF/IVY MEDICAL, WHO DID NOT INTERVENE AND ENSURE REASONABLE CARE WOULD BE PROVIDED, ONGOING UNTIL APRIL 30, 2020 WHEN THE PLAINTIFF LEFT THE CUSTODY OF NEZ PERCE COUNTY, AND WAS DELIVERED TO IDAHO STATE CORRECTIONAL INSTITUTION, WHERE PLAINTIFF'S CARE AND SURGERY, (THAT ALL DEFENDANT'S WERE MADE AWARE WAS ABSOLUTELY ESSENTIAL BY OUTSIDE MEDICAL PROFESSIONAL'S, ALONG WITH THE EXACT SAME MRI IMAGING THAT DR. KENNETH LITTLE AT ST. LUKE'S HOSPITAL USED TO DETERMINE SURGERY WAS ABSOLUTELY ESSENTIAL AND HAD PLAINTIFF IN SURGERY IN THREE WEEKS OF FIRST MEETING AND VIEWING MRI,) CONTINUED TO DELAY UNTIL SEPTEMBER 25, 2020. THUS CAUSING POSSIBLE IRREPRABLE NERVE DAMAGE WHICH HAS MADE IT NECESSARY FOR PLAINTIFF TO HAVE MEDICALLY FITTED SHOES, AS WELL AS THE EXISTENCE OF CHRONIC AND SUBSTANTIAL PAIN. SEE HUDSON V. MCMILLAN, 503 U.S. 1, 9 (1992). RONA SIEGERT'S DELAY OF MEDICAL TREATMENT WERE SUFFICIENTLY HARMFUL TO EVIDENCE DILIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS, ESTELLE V. GAMBLE, 429 U.S. 97, 106 (1976).

3.) SHERRY STOUTIN - IVY MEDICAL: IS THE SUPERIOR MEDICAL PROVIDER FOR IVY MEDICAL AND NEZ PERCE COUNTY JAIL AND ASSUMES THE DUTY AND OBLIGATIONS OF ENSURING THE MEDICAL STAFF @ NEZ PERCE COUNTY JAIL PROVIDE REASONABLE MEDICAL CARE TO ALL INMATE'S IN THE CUSTODY OF NEZ PERCE COUNTY SHERIFF'S DEPT.

ON OR ABOUT FEB. 26, 2020 DEFENDANT STOUTIN WAS NOTIFIED OF PLAINTIFF'S MEDICAL CONDITION AND TREATMENT PLAN VIA DOCUMENT'S FROM LEWISTON ORTHOPEDICS / CATALYST MEDICAL GROUP. DEFENDANT WAS FURTHER CONTACTED BY IDOC AND APPARENTLY GRANTED AUTHORIZATION TO HAVE PLAINTIFF TRANSPORTED TO AN APPOINTMENT AT INTERVENTIONAL PAIN CONSULTANTS, BUT REFUSED TO DO SO, LEAVING PLAINTIFF IN EXCRUCIATING PAIN AND FURTHER WORSENING PLAINTIFF'S CONDITION. HUDSON V. MCMILLAN, 503 U.S. 1, 9 (1992) THEREFORE, "DELIBERATE INDIFFERENCE TO MEDICAL NEEDS AMOUNTS TO AN EIGTH AMENDMENT VIOLATION, IF THE NEEDS ARE 'SERIOUS'."

FURTHER, DEFENDANT STOUTIN INSTRUCTED SUBORDINATES TO NOT TREAT PLAINTIFF'S CONDITION OR PAIN, STATING, ON 4/20/20 @ 10:30 A.M.; "YOU HAVE BEEN GIVEN MORE TREATMENT THAN MOST." PLAINTIFF HAD BEEN "PRESCRIBED" AN APPOINTMENT BY, RYCHAEL S. MORTON, P.A.-C ON 2/25/20, WITH INTERVENTIONAL PAIN CONSULTANTS AND DEFENDANT'S, "INTENTIONALLY DENIED ACCESS WITH TREATMENT ONCE PRESCRIBED." ESTELLE V. GAMBLE, 429 U.S. @ 104-05, DELAY CAUSING FURTHER HARM, MCGUCKIN V. SMITH, 974 F.2d 1050, 1059-60 (9TH CIR. 1992)

4.) PROVIDER - ANITA RINGERING: ON MARCH 2, 2020, PLAINTIFF WAS SEEN BY DEFENDANT @ 11:28 A.M. FOR CONTINUED BACK INJURY, ANXIETY AND DEPRESSION CAUSED FROM THE PAIN AND LACK OF TREATMENT FROM PROVIDER/S. DEFENDANT WAS PROVIDED TREATMENT PLAN FROM LEWISTON ORTHOPEDICS FOR INJECTIONS @ INTERVENTIONAL PAIN CONSULTANTS AS WELL AS MRI IMAGING. DEFENDANT FAILED TO FOLLOW THROUGH WITH PLAINTIFF'S PRESCRIBED TREATMENT PLAN CAUSING FURTHER PAIN, SUFFERING AND INJURY. SEE ROUNDS V. OR. STATE BD. OF HIGHER EDUC., 166 F.3d 1032, 1036 (9TH CIR. 1999).

FURTHER ON APRIL 20, 2020 DEFENDANT ANITA RINGERING, "DEEMED PLAINTIFF TO NOT REQUIRING ANY FURTHER TREATMENT." ONCE AGAIN INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED. ESTELLE, 429 U.S. @ 104-05.

5.) R.N. DARAH GROGAN - ON MARCH 6, 2020 SEEN IN MEDICAL BY DEFENDANT. DEFENDANT HAD PREVIOUSLY PRESCRIBED TREATMENT PLAN FROM P.A. RYCHAEL MORTON AT LEWISTON ORTHOPEDICS AND FAILED TO FOLLOW. ON APRIL 12, 2020 AT 10:00 A.M. PLAINTIFF WAS MOVED TO OBSERVATION CELL. WAS SEEN BY NURSE CASSANDR EVANS DUE TO FEET BEING PURPLE WITH NO PULSE AND INCONTINENCE. NURSE EVANS NOTIFIED R.N. DARAH GROGAN, (DEFENDANT #5) WHICH SHE REFUSED TO TREAT MY CONDITION AND JUST ORDERED ME TO BE PUT IN ISOLATION CELL. INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDICAL CARE OR INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED. ESTELLE V. GAMBLE, 429, U.S. 97, 104-05 (1976).

6.) WARDEN ALBERTO RAMIREZ, IDAHO DEPT. OF CORRECTIONS - ISCI: 4/30/20 IS THE SUPERVISORY OFFICIAL AND AS SUCH HAD "KNOWLEDGE OF THE UNCONSTITUTIONAL CONDITIONS" THROUGH A PATTERN OF VIOLATIONS—INCLUDING KNOWLEDGE OF THE "CULPABLE ACTIONS OF HIS SUBORDINATES"— YET FAILED TO REMEDY THOSE CONDITIONS; THEREFORE, THAT OFFICIAL ACQUIESED "IN THE UNCONSTITUTIONAL CONDUCT OF HIS SUBORDINATES" SUCH THAT THE CASUAL CONNECTION BETWEEN THE SUPERVISOR AND THE CONSTITUTIONAL VIOLATION IS PLAUSIBLE. STARR, 652 F.3d @ 1208. 1) DEFENDANT RAMIREZ KNEW OF THE ONGOING CONSTITUTIONAL VIOLATION AND 2) "HAD THE AUTHORITY AND OPPORTUNITY TO PREVENT" THAT VIOLATION, YET 3) FAILED TO ACT TO REMEDY THE VIOLATION. THE DEFENDANT MAY BE LIABLE UNDER § 1983. SEE HERRERA V. HALL, NO. 1:08CV01882LJOSKOPC, 2010 WL 2791586, @ *4 (E.D. CAL. JULY 14, 2010)

7.) ATTORNEY GENERAL LAWRENCE WASDEN - PARALEGAL, ALAN STEWART AT ISCI IS GUIDED BY CONSTANT CONTACT WITH THE STATE ATTORNEY GENERAL(S) OFFICE - QUASI JUDICIAL LAW FIRM AND MEMBERS. THIS CREATES A CONFLICT OF INTEREST AS THE LT. ATTORNEY GENERAL'S OFFICE IS THE OPPOSING COUNSEL FOR ALL PRISONER LEGAL ACTION IN STATE APPEAL, SUPREME COURT AND FEDERAL COURTS;

THEY HAVE A VESTED INTEREST IN PREVENTING A PERSON FROM ACCESSING COURT AND THUS CREATES UNREASONABLE AND UNLAWFUL BARRIERS, NO REASONABLE LAW LIBRARY; NO REASONABLE ASSISTANCE, e.g. FOR MENTALLY CHALLENGED (ET. SEQ).

8) CORIZON MEDICAL - BEING THE PROVIDER OF MEDICAL SERVICES FOR IDOC ASSUMES THE DUTY AND OBLIGATION OF ENSURING IDOC PROVIDE REASONABLE MEDICAL CARE TO WARDS OF THE STATE AS A CONTRACTUAL. ON MARCH 19, 2020 CORIZON MEDICAL AND ITS' STAFF WERE INFORMED OF PLAINTIFF'S MEDICAL CONDITION AND NEED FOR IMMEDIATE MEDICAL TREATMENT FOR HERNIATED L-5. BY DELAYING CLEARLY DOCUMENTED AND PREVIOUSLY PRESCRIBED MEDICAL TREATMENT PLAN DEFENDANT'S CAUSED FURTHER HARM, CONSTITUTING A VIOLATION OF EIGTH AMENDMENT FOR "DELIBERATE INDIFFERENCE. SEE, ESTELLE V. GAMBLE, 429 U.S. 97, 106 (1976).

9.) WILL ROGERS, P.A., N.P., A QUALIFIED MEDICAL PROVIDER FOR IDOC @ ISCI, FOR CORIZON MEDICAL, KNEW OR SHOULD HAVE KNOWN THAT DELAYING PLAINTIFF'S MEDICAL CARE FROM APRIL 30, 2020 UNTIL SEP. 25, 2020 WOULD RESULT IN FURTHER SIGNIFICANT INJURY & UNNECESSARY AND WANTON INFLICTION OF PAIN, THAT A REASONABLE DOCTOR WOULD FIND IMPORTANT AND WORTHY OF COMMENT OR TREATMENT; i.e. ON SEP. 4, 2020 PLAINTIFF WAS SEEN BY DR. KENNETH LITTLE, NEUROSURGEON AT ST. LUKE'S, DR. LITTLE WAS REVIEWING MRI IMAGING, (THE SAME MRI IMAGES ALL DEFENDANT'S HAVE HAD AND REVIEWED SINCE FEB, 2020) WHEN HE MADE THE COMMENT, "I CAN'T BELIEVE YOU'VE BEEN LEFT IN THIS CONDITION FOR SO LONG.' I'LL HAVE YOU IN SURGERY WITHIN 3 WEEK'S PROVIDING IDOC AND MEDICAL THERE WILL COOPERATE".

10.) JAWNYA MCMILLAN - R.N., H.S.A., A QUALIFIED MEDICAL PROFESSIONAL AND HEALTH SERVICES ADMINISTRATOR ON OR BEFORE APRIL 30, 2020 KNEW OR SHOULD HAVE KNOWN OF PLAINTIFF'S NEED FOR IMMEDIATE MEDICAL TREATMENT FROM PLAINTIFF'S MEDICAL RECORDS AND INTENTIONALLY DENYING OR DELAYING TREATMENT ONCE PRESCRIBED. ESTELLE, 429 U.S. AT 104-05. IN WHICH THE DELAY HAS CAUSED FURTHER HARM AND SIGNIFICANT INJURY.

11.) GEN BREWER - R.N. - D.O.N., A QUALIFIED MEDICAL PROFESSIONAL AND THE DIRECTOR OF NURSING, KNEW OR SHOULD HAVE KNOWN THAT DENYING/DELAYING PLAINTIFF'S MEDICAL TREATMENT PREVIOUSLY PRESCRIBED, AMOUNTED TO AN EIGTH AMENDMENT VIOLATION. ESTELLE, 429, U.S. AT 104-05. ON OR ABOUT MAR. 19, 20, DEFENDANT WAS NOTIFIED OF PLAINTIFF'S NEED FOR TREATMENT FROM ORTHOPEDIC CONSULT TO DETERMINE NEXT STEP OF TREATMENT FOR L-5 VERTEBRAE!

12) JONI LEMONS, ISCI MEDICAL MONITOR - A QUALIFIED MEDICAL PROFESSIONAL FOR IDOC AND CORIZON MEDICAL KNEW OR SHOULD HAVE KNOWN THAT DELAYING REASONABLE MEDICAL CARE WOULD CAUSE FURTHER HARM. ON OR ABOUT 4/19/20 DEFENDANT WAS NOTIFIED OF PLAINTIFF'S NEED FOR IMMEDIATE MEDICAL CARE FOR L-5 VERTEBRAE INJURY. ESTELLE v. GAMBLE, 429 U.S. 97, 106 (1976), BY INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDICAL CARE & INTENTIONALLY INTERFERING WITH TREATMENT ONCE PRESCRIBED. THAT DELAY CONSTITUTES A VIOLATION OF PLAINTIFF'S EIGTH AMENDMENT DUE TO THE FURTHER HARM IT CAUSED PLAINTIFF. McGUCKIN, 974 F.2 AT 1060.

V

INJURIES

1.) PLAINTIFF ARRIVED AT NEZ PERCE COUNTY JAIL WITH A HERNIATED L-5 DISC, ON FEBRUARY 26, 2020 AS A WARD OF THE STATE. DUE TO DEFENDANTS' NEGLIGENCE, INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDICAL CARE AND INTERFERING WITH TREATMENT ONCE PRESCRIBED PLAINTIFF ENDURED PAIN & SUFFERING. PLAINTIFF NOW SUFFERS FROM IRREPERABLE NERVE DAMAGE AND NEROPATHY IN FEET AND MUST NOW HAVE SPECIALLY FITTED SHOES PRESCRIBED BY DR. ROSENDAHL. PLAINTIFF ALSO SUFFERED THE HUMILIATION OF BLADDER AND BOWEL INCONTINENCE FOR 7 MONTHS!, INCLUDING **PERMANENT DEHABILITATION;** (ET. SEQ). ON OR ABOUT NOV. 19, 2020 DAVID SHIPPY, A REPRESENTATIVE OF DR. ROSENDAHL'S, EXAMINED, MEASURED & FITTED PLAINTIFF FOR SPECIALLY FITTED MEDICAL SHOES DO TO THE IRREPERABLE NERVE DAMAGE & DEHABILITATING CONDITION.

VI

EXHAUSTION OF REMEDIES

1.) PLAINTIFF HAS EXHAUSTED ALL AVAILABLE CONCERN, GRIEVANCE, APPEAL & TORT REMEDIES PRIOR TO BRINGING THIS CLAIM. PLAINTIFF IS STILL WAITING FOR DOCUMENTS TO BE RETURNED FROM ADMINISTRATION.

VII

REQUEST FOR ATTORNEY

1.) PLAINTIFF RESPECTFULLY PETITIONS THIS COURT TO APPOINT COUNSEL; SEE ATTACHED:

VIII

REQUEST FOR EVIDENTIARY HEARING IN THE INTEREST OF JUSTICE.

IX

RELIEF

1.) PLAINTIFF REQUESTS PUNITIVE DAMAGES AT THE COURTS DISCRETION.

2.) PROPER COMPENSATORY DAMAGES AS THIS COURT WOULD DEEM APPROPRIATE.

3) DAMAGES FOR ACTIONS THAT RESULTED IN INJURIES AND IRREPARABLE HARM THAT MUST BE RESOLVED BY COURT REMEDIES; ANY FURTHER RELIEF THE COURT FINDS APPROPRIATE AND EQUITABLE IN THESE CIRCUMSTANCES.

X

CONCLUSION

THE PLAINTIFF BEING CONFINED IN A STATE PRISON THAT DOES NOT PROVIDE INMATES A SUFFICIANT LAW LIBRARY OR AMPLE LEGAL RESOURCES AND VIRTUALLY NO CASE LAW. PLAINTIFF IS AT A CLEAR AND UNFAIR DISADVANTAGE TO MY WARDS AND COMPULSARY HEALTH CARE PROVIDERS. PLAINTIFF HAS NO ALTERNATIVE BUT TO RELY ON THEM FOR HUMANITARIAN AND REASONABLE HEALTH CARE NEEDS.

HAVE OUR COURTS DIMINISHED THE RIGHTS OF PRISONER'S WHO HAVE BEEN SENTENCED TO STATE AND/OR FEDERAL PRISONS, SO EXTREMELY THAT THEIR LIVES OR HEALTH NO LONGER MATTER?

THE NEEDLESS DELAY IN PLAINTIFF'S HEALTHCARE WAS NOT DUE TO ANY REASONABLE FACTOR OR PURPOSE, BUT FOR APATHY AND MALICIOUS INTENTIONS.

AS NEUROSURGEON DR. KENNETH LITTLE REMARKED WHEN HE EXAMINED MY HEALTH CONDITION ON/OR ABOUT SEPT. 4, 2020 ("I CAN'T BELIEVE THAT YOU HAVE BEEN FORCED TO WAIT THIS LONG FOR MEDICAL TREATMENT," (PARAPHRASED.)

PLAINTIFF HAS NOT BROUGHT THESE CLAIMS PREVIOUSLY. HOWEVER, THIS IS A SECOND AMENDED COMPLAINT PER THE SCREENING JUDGE'S ORDER.

VERIFICATION

PURSUANT TO 28 U.S.C., § 1621, I, THE UNDERSIGNED VERIFY THE FACTS AND INFORMATION PROVIDED IN THE FORGOING DOCUMENT AND PETITION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED THIS 22ND DAY OF NOVEMBER, 2020

PRINTED NAME: MICHAEL J. EAST SIGNED: [signature]

SERVICE IS BEING MADE BY CLERK, E-FILE.